## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| **GOURMET WOOD PRODUCTS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**PATTY & MIKE SHARPE, INC., and PATRICIA FISHER SHARPE, an individual.**<br><br>Defendants. | **Civil Action No.:**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Gourmet Wood Products, Inc. ("Plaintiff") files this Complaint for damages and injunctive relief against Defendants Patty & Mike Sharpe, Inc. ("P&M Sharpe") and Patricia Fisher Sharpe ("Sharpe"), collectively, the "Defendants," and in support thereof would show as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement, unfair competition, and false designation of origin arising out of Defendants' unauthorized and infringing use of Plaintiff's federal registered trademarks GOURMET WOOD® Marks (as defined below) for firewood and other products used for cooking. As described more fully below, upon information and belief, Defendants have knowingly, willfully and/or intentionally infringed upon Plaintiff's federally registered trademarks, damaged Plaintiff's business reputation, and subjected Plaintiff to unfair competition, lost profits, and other monetary damages. The infringement is ongoing, causing Plaintiff to suffer irreparable harm.

2.      Plaintiff brings this action under the Lanham Act, including 15 U.S.C. §§ 1114(a)(1) and 1125(a)(1)(A) (Infringement, False Designation of Origin and Unfair Competition); 15 U.S.C. §1116 (Injunctive Relief); and 15 U.S.C § 1117 (Attorney's Fees and Treble Damages).

**<u>PARTIES</u>**

3.      Plaintiff is a Texas corporation with its principal place of business in Tarrant County, Texas.

4.      On information and belief, Patty & Mike Sharpe, Inc. is a California Corporation with its principal place of business at 1015 N. Batavia St, Orange, CA 92867 doing business as "The Woodshed" and Sharpe Gourmet Cooking Wood.

5.      On information and belief, Patricia Lynn Fisher Sharpe is an individual residing at 9798 Debiois Avenue Fountain Valley, CA 92708. On information and belief, Patricia Lynn Fisher Sharpe is the President of Patty & Mike Sharpe, Inc.

6.      Defendants are the manufacturers, sellers, and/or distributors of firewood for cooking products.

7.      Defendants sell their firewood for cooking products in several states, including Texas.

8.      Defendants manufacture, sell and/or distribute firewood products for cooking with the term GOURMET WOOD on the packaging. For example, Defendants place the term GOURMET WOOD on wood logs, wood chips, wood planks, wood chunks, briquettes, splints, pallets, and sawdust. These products are used for smoking and grilling in barbecue grills, pits, and smokers as a flavoring agent for foods (hereinafter, the "Infringing GOURMET WOOD Firewood Products for Cooking").

2

9.    On information and belief, Patricia Lynn Fisher Sharpe has personally profited from and oversees the use of the term GOURMET WOOD on Infringing GOURMET WOOD Firewood Products for Cooking.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over all aspects of this action pursuant to: (a) 15 U.S.C. § 1051 et seq. ("Lanham Act") and 28 U.S.C. §§ 1331, 1337, and 1338(a)-(b) and (b) 28 U.S.C. § 1332(a), in that the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.

11.    This Court has personal jurisdiction over the Defendants by virtue of Defendants transacting, doing, and soliciting business in this District, because a substantial part of the relevant events occurred in this District, and because Defendants have infringed, contributed to the infringement of, and/or actively induced others to infringe Plaintiff's federally protected trademarks in this District. Moreover, Defendants continue to infringe, contribute to the infringement of, and/or actively induce others to infringe Plaintiff's trademarks in this District.

12.    Plaintiff is informed and believes, and thereupon alleges, that venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events that give rise to this action occurred within this district.

## FACTS SUPPORTING CLAIMS

### PLAINTIFF'S MARKS

13.    Plaintiff is a leading supplier of firewood and other products used for cooking. Plaintiff's firewood and other products are used for cooking all over the country, including in Texas and this District.

14.     Plaintiff owns United States trademark registrations for marks, <u>four</u> of which (the "GOURMET WOOD® Marks") are subject to the Defendants' ongoing infringement of said marks. Plaintiff's federally registered trademarks are identified and described in the following table:

| Mark | Reg. No. | Covered Goods |
|---|---|---|
| GOURMET WOOD | 5,337,966 | 004: Wood pieces, logs, and chips for use in barbecue grills, pits, and smokers as a flavoring agent for foods<br>021: Wood pieces in the nature of wood cooking planks for use in grilling in barbecue grills, pits, and smokers as a flavoring agent for foods |
| GWP | 5,772,957 | 004: Wood logs, wood chips, and wood pieces in the nature of chunks, briquettes, splints, pellets, and sawdust for smoking and grilling for use in barbecue grills, pits, and smokers as a flavoring agent for foods.<br>021: Wood pieces in the nature of wood cooking planks for use in grilling in barbecue grills, pits, and smokers as a flavoring agent for foods |
| GOURMET WOOD | 5,773,003 | 004: Wood logs, wood chips, and wood pieces in the nature of chunks, briquettes, splints, pellets, and sawdust for smoking and grilling for use in barbecue grills, pits, and smokers as a flavoring agent for foods.<br>021: Wood pieces in the nature of wood cooking planks for use in grilling in barbecue grills, pits, and smokers as a flavoring agent for foods |

4

| Mark | Reg. No. | Covered Goods |
|---|---|---|
| GOURMET WOOD | 6,836,279 | 030: Seasonings for cooking, seasoning blends, spices, and spices blends. |

15.     Plaintiff is the exclusive user of the GOURMET WOOD® Marks. The key to Plaintiff's success is the high quality and reputation of its products, which are closely associated with the GOURMET WOOD® Marks by the public. Plaintiff has used the GOURMET WOOD ® Marks continuously since 1991 as the principal identifier of its firewood and other products used for cooking.

16.     Plaintiff prominently uses and displays its federally registered GOURMET WOOD® Marks on Plaintiff's firewood cooking products, products' packaging, point-of-sale displays, and on Plaintiff's advertising, promotional materials, and website.

17.     The GOURMET WOOD® Marks are the subject of United States Trademark Registration Numbers 5,337,966 and 6,836,279 for Plaintiff's standard-character word marks, (standard-character word mark for IC 30), and 5,772,957 and 5,773,003 for Plaintiff's stylized marks. Plaintiff has built significant goodwill and value in the GOURMET WOOD® Marks through substantial expenditures of time, effort, and money advertising and promoting the marks.

18.     Attached hereto as Exhibit A is a true and correct copy of the Certificates of Registration for Plaintiff's GOURMET WOOD® Marks, U.S. Registration Nos. 5,337,966, 5,772,957, 5,773,003, and 6,836,279, (hereinafter, the GOURMET WOOD® Registrations), along with a current printout of the electronic status page for these registrations downloaded from the USPTO database at http://tsdr.uspto.gov.

19.     According to 15 U.S.C. Sections 1115(a) and 1057(b), Plaintiff's GOURMET WOOD ® Registrations are prima facie evidence of the validity of the GOURMET WOOD® Marks.

20.     According to 15 U.S.C. Sections 1115(a) and 1057(b), Plaintiff's GOURMET WOOD® Registrations are prima facie evidence of Plaintiff's ownership of the GOURMET WOOD ® Marks and the GOURMET WOOD® Registrations.

21.     According to 15 U.S.C. Sections 1115(a) and 1057(b), Plaintiff's GOURMET WOOD® Registrations are prima facie evidence of Plaintiff's exclusive right to use the GOURMET WOOD® Marks in United States commerce on or in connection with the firewood and other products used for cooking.

22.     The Mark registered as U.S. Registration Nos. 5,337,966 has become incontestable. The Declaration of Incontestability was filed on December 1, 2022, and was acknowledged by the USPTO on Jun 7, 2023.

23.     According to 15 U.S.C. Section 1115(b), Plaintiff's incontestable registration is conclusive evidence of the validity of Plaintiff's GOURMET WOOD® standard character mark, and of the registration of the GOURMET WOOD® standard character mark, of Plaintiff's ownership of the GOURMET WOOD® standard character mark, and Plaintiff's exclusive right to use the GOURMET WOOD® standard character mark in commerce for the goods covered by that registration.

24.     Attached hereto as Exhibit B are true and correct photographs of examples of Plaintiff's GOURMET WOOD® branded firewood and other products for cooking, one of which is also reproduced below:



25.     In addition to the rights granted by Plaintiff's registrations in the GOURMET WOOD ® Marks, Plaintiff has strong common-law rights in its marks by virtue of its extensive use and promotion in commerce. Plaintiff sells its products to distributors, travel centers, and restaurants. Plaintiff has been diligent in protecting and enforcing its GOURMET WOOD ® Marks.

26.     The GOURMET WOOD® Marks serve as unique source identifiers for Plaintiff's products. Plaintiff prominently uses and displays its federally registered GOURMET WOOD® Marks on Plaintiff's firewood and other wood-related products, cooking supplements, product packaging, point-of-sale displays, and on Plaintiff's advertising, promotional materials, and website (including social media).

27.     Plaintiff has invested time and effort in marketing, and building the fame, reputation, and goodwill of the GOURMET WOOD® Marks.

28.     Plaintiff's GOURMET WOOD® Marks are distinctive designations of the source of origin of its products.

29.     Plaintiff's GOURMET WOOD® Marks are uniquely associated with Plaintiff and its high-quality goods. These marks are assets of incalculable value as symbols of Plaintiff, its quality goods, and its goodwill.

30.     Plaintiff's GOURMET WOOD® Marks are well-known and were well-known *before* Defendants' infringement began.

31.     As a result of Plaintiff's extensive advertising and promotional efforts and its continuous use, its GOURMET WOOD® Marks are distinctive and widely recognized by the relevant consuming public of Texas and the United States as a designation of source of the involved goods.

## DEFENDANTS' INFRINGEMENT OF THE GOURMET WOOD® MARKS

32.     Defendants use GOURMET WOOD in commerce without Plaintiff's authorization in connection with the sale of Infringing Gourmet Wood Firewood Products for Cooking.

33.     Defendants use GOURMET WOOD without Plaintiff's authorization in advertising their Infringing GOURMET WOOD Firewood Products for Cooking.

34.     The retail packages of Defendants' Infringing GOURMET WOOD Firewood Products for Cooking use the term GOURMET WOOD.

35.     Side-by-side comparisons of Plaintiff's legitimate GOURMET WOOD® products and Defendants' Infringing GOURMET WOOD Firewood Products for Cooking are shown below:

| Plaintiff's GOURMET WOOD® | Defendants' Infringing GOURMET WOOD Firewood Products for Cooking |
|---|---|
|  |  |

| Plaintiff's GOURMET WOOD® | Defendants' Infringing GOURMET WOOD Firewood Products for Cooking |
|---|---|
|  |  |
|  |  |

| Plaintiff's GOURMET WOOD® | Defendants' Infringing GOURMET WOOD Firewood Products for Cooking |
|---|---|
|  |  |

36.    Alongside Defendants' use of GOURMET WOOD, Defendants also use imagery similar to Plaintiff's Mark Registered as 5,772,957. This similarity is shown below:

11

| Plaintiff's Registered Mark | Defendants' Infringing Imagery |
|---|---|



37.    As can be seen from their websites (www.thewoodshedoc.com, www.sharpegourmet.com), Defendants are in the business of supplying firewood for cooking.

38.    Defendants are not licensed to use the GOURMET WOOD® Marks and do not have any other affiliation with Plaintiff. Defendants are not entitled to use any GOURMET WOOD® Marks to promote their products. Furthermore, Defendants are a direct competitor with Plaintiff in selling firewood and other cooking products.

39.    Defendants use the term GOURMET WOOD throughout their websites (including social media) and on their products' packaging. Some examples of this use displayed on their

websites and social media pages appears below. A true and correct copy of additional examples of the infringing packaging, advertisement, and screen shots of their websites and social media displays are attached hereto as Exhibit C.



## Premium Firewood Gourmet Cooking Wood

40.    Defendants' advertising and branding of GOURMET WOOD on their products is similar to Plaintiff's federally protected marks and creates a likelihood that an appreciable number of consumers will form the false belief that Defendants and/or their products, originate from or are affiliated, sponsored, or endorsed by Plaintiff.

41.    Defendants sell their products throughout the United States, providing for shipping throughout the country, including this District and throughout the State of Texas. Defendants' interactive website allows customers in Texas to place orders for Infringing GOURMET WOOD Firewood Products for Cooking.

42.    Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive the public and the trade by causing consumers to believe that Defendants' products originate with,

or are related to, Plaintiff's goods, or are licensed by, sponsored or approved by, connected with, or associated with Plaintiff.

43.    Prior to filing its complaint in this action, Plaintiff informed Defendants that Defendants were infringing Plaintiff's trademark rights and demanded that Defendants stop using GOURMET WOOD on their products and advertising. A true and correct copy of the cease-and-desist letter is attached hereto as Exhibit D.

44.    Defendants ignored and disregarded Plaintiff's objections and continued their infringing activities by distributing, selling, and promoting their firewood and other products for cooking under GOURMET WOOD.

45.    Upon information and belief, Defendants enhanced their efforts in advertising with continued use of Infringing GOURMET WOOD Firewood Products for Cooking. Thus, Defendants' continued use of GOURMET WOOD constitutes intentional and willful infringement of Plaintiff's GOURMET WOOD® Marks.

46.    Defendants' use of infringing GOURMET WOOD has caused, and will continue to cause, harm to Plaintiff.

47.    On information and belief, Defendants intend to distribute and/or sell additional firewood and other products used for cooking in the United States with packaging that uses GOURMET WOOD without Plaintiff's authorization.

### COUNT I
### FEDERAL TRADEMARK INFRINGEMENT
**(15 U.S.C. § 1114(1))**

48.    Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1–47 as if fully stated herein.

49.     Plaintiff's federally registered marks are inherently distinctive and continue to acquire substantial distinctiveness and goodwill in the marketplace through Plaintiff's use of those marks in commerce. As a result of Plaintiff's widespread and continuous use of its marks, the GOURMET WOOD® Marks have become associated in the minds of the relevant purchasing public with Plaintiff. The reputation and goodwill that Plaintiff has built up in the GOURMET WOOD® Marks is of great value to Plaintiff.

50.     Defendants' use of GOURMET WOOD as described above, unless enjoined by the Court, is likely to cause confusion with, or to cause mistake or deceive consumers as to the origin, sponsorship or approval of, Defendants' services, products and related commercial activities, and/or Plaintiff's services, products and commercial activities, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

51.     Defendants' infringement of Plaintiff's federally registered GOURMET WOOD® Marks, and the Defendants' other actions as pleaded above, are willful, intentional, and deliberate.

52.     Defendants' unlawful conduct has caused and will continue to cause substantial injury to the public and Plaintiff.

53.     The intentional and knowing nature of Defendants' trademark infringement renders this case an exceptional case, entitling Plaintiff to an award of costs and reasonable attorney's fees under 15 U. S. C. § 1117(a).

54.     Plaintiff has no adequate remedy at law.

55.     By virtue of its aforementioned conduct, Defendants have violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

56.     Plaintiff is entitled to recover Defendants' profits, damages sustained by Plaintiff in an amount to be proven at trial, enhanced damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1114 and 1117.

## COUNT II
## FEDERAL UNFAIR COMPETITION
### (Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

57.     Plaintiff repeats and realleges each allegation of Paragraphs 1–56 above as if set forth herein.

58.     Defendants' conduct, as described above, wrongfully and falsely designates the origin of Defendants' services, products, and related commercial activities as originating from or being approved by Plaintiff, and thereby constitutes a false description or representation used in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59.     The actions of Defendants described above have at all times relevant to this action been willful and intentional.

60.     As a result of Defendants' actions, Plaintiff has been damaged and will continue to be damaged.

61.     Plaintiff is entitled to recover Defendants' profits, Plaintiff's damages (in an amount to be trebled), and the costs of this action. *See* 15 U.S.C. § 1117(a).

62.     This is an exceptional case that merits an award of reasonable attorney fees to Plaintiff under 15 U.S.C. § 1117(a).

63.     Plaintiff has no adequate remedy at law.

64.     By virtue of their aforementioned acts, Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65.    Plaintiff is entitled to recover Defendants' profits, damages sustained by Plaintiff in an amount to be proven at trial, enhanced damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1114, 1117, and 1125.

## COUNT III
## TRADEMARK INFRINGMENT UNDER THE COMMON LAW OF TEXAS

66.    Plaintiff repeats and realleges each allegation of Paragraphs 1–65 above as if set forth herein.

67.    This cause of action arises under the common law of Texas.

68.    Plaintiff owns and enjoys prior and exclusive common law rights in and to Plaintiff's GOURMET WOOD® Marks in Texas.

69.    Defendants' unauthorized use in commerce of Plaintiff's GOURMET WOOD® Marks in Texas in connection with Defendants' firewood and other products for cooking constitutes trademark infringement under the common law of Texas by causing a likelihood of consumer confusion and has caused, and will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court, for which Plaintiff has no adequate remedy at law, entitling Plaintiff to injunctive relief.

70.    Defendants acted and continues to act with full knowledge of Plaintiff's prior use and prior rights to Plaintiff's GOURMET WOOD® Marks in Texas and without regard to the likelihood of confusion created by Defendants' activities.

## APPLICATION FOR PERMANENT INJUNCTION

71.    Plaintiff repeats and realleges each allegations of Paragraph 1–70 above, as if set forth herein.

72.    The harm to Plaintiff arising from Defendants' acts is not fully compensable by money damages.

73.    On information and belief, Defendants, unless enjoined, will continue to misrepresent to or mislead the public into believing that their products and services are sponsored by, approved by, affiliated with, associated with, or originated by Plaintiff and infringe the GOURMET WOOD® Marks by using the GOURMET WOOD® Marks or confusingly similar variations thereof to identify Defendants' competitive products. All of these actions violate the Lanham Act.

74.    Under 15 U.S.C. § 1116(a), these actions entitle Plaintiff to a permanent injunction, upon hearing, enjoining Defendants and their officers, agents, servants, employees, franchisees, and attorneys, and all persons in active concert or in participation with Defendants from:

(a)    Representing Defendants' services are in any way sponsored by, approved by, affiliated with, or originated by Plaintiff;

(b)    Representing that Defendants are Plaintiff;

(c)    Using any of the Gourmet Wood® Marks or any confusingly similar variation thereof, alone or in combination with other designs or words, to market, advertise, or identify Defendants' products; and

(d)    Otherwise competing unfairly with Plaintiff or injuring its business reputation in any manner.

75.    For these actions, there is no adequate remedy at law. Further, Plaintiff is substantially likely to prevail on the merits of these claims. The injury to Plaintiff greatly outweighs any injury to Defendants that the requested injunction may cause. The balance of hardships tips strongly in favor of Plaintiff. Finally, the injunction will not disserve the public interest. Therefore, in addition to monetary relief, Plaintiff is also entitled to permanent injunctive relief against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court enter judgment in its favor on every claim for relief set forth above and award it relief against Defendants including, but not limited to:

(a)     Actual and treble damages;

(b)     In accordance with 15 U.S.C. § 1116, issue a permanent injunction enjoining Defendants and Defendants' officers, agents, servants, employees, franchisees, if any, and attorneys, and all persons in active concert or participation with Defendants from the acts described in this Complaint;

(c)     Order Defendants and Defendants' officers, agents, servants, employees, franchisees, if any, and attorneys, and all persons in active concert or participation with Defendants to identify all third parties to whom Defendants have represented an ownership, affiliation, association, or sponsorship with the GOURMET WOOD® Marks or confusingly similar variations thereof and to whom Defendants have distributed any type of materials incorporating the GOURMET WOOD® Marks or confusingly similar variations thereof;

(d)     Order Defendants and Defendants' officers, agents, servants, employees, franchisees, if any, and attorneys, and all persons in active concert or participation with Defendants to identify all other websites and marketing materials containing the GOURMET WOOD® Marks or confusingly similar variations thereof;

(e)     Order Defendants to provide an accounting of all sales, revenues, and profits related to Defendants' products that infringe the GOURMET WOOD® Marks and that are falsely designated as being sponsored by, approved by, affiliated with, or associated with Plaintiff;

(f)      In accordance with 15 U.S.C. § 1118, order all materials in Defendants' possession or control bearing the GOURMET WOOD® Marks be surrendered for destruction;

(g)      In accordance with 15 U.S.C. § 1117(a), award Plaintiff all of Defendants' profits from the aforesaid acts of trademark infringement and unfair competition;

(h)      In accordance with 15 U.S.C. § 1117(a), find this case to be exceptional in Plaintiff's favor and award Plaintiff its reasonable attorney's fees, costs, and expenses of this action;

(i)      Award Plaintiff its costs and pre-judgment and post-judgment interest at the minimum allowable interest rate; and

(j)      Grant Plaintiff such other relief, at law or in equity, to which it is justly entitled.

### DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED: March 15, 2024                    BROZYNSKI & DALTON PC


By:  */s/ Katarzyna Brozynski*
                    KATARZYNA BROZYNSKI
                    State Bar No. 24036277
                    kasia@bdlegalgroup.com
                    BART DALTON
                    Texas Bar No. 24043418
                    bart@bdlegalgroup.com
                    ERIC KNUDSEN
                    Texas Bar No. 24120949
                    5700 Tennyson Parkway, Suite 300
                    Plano, Texas 75024
                    Telephone:  972.371.0679

                    Attorneys for PLAINTIFF
                    GOURMET WOOD PRODUCTS, INC.